## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| LARRY EUGENE MUKES, | ) |
| | ) |
|     Petitioner, | ) |
| | ) |
| v. | )   Case No. CIV-08-560-M |
| | ) |
| WARDEN JOE HARP CORR. CENTER, | ) |
| | ) |
|     Respondent. | ) |

## **REPORT AND RECOMMENDATION**

Mr. Larry Mukes seeks habeas relief in connection with a state court conviction and, in the alternative, relief from a prior order of the federal district court. The Court should deny both requests.

### Background

Mr. Mukes was convicted of criminal charges in state court, and the federal district court granted a conditional writ of habeas corpus. *See* Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody at p. 5 (May 28, 2008) ("Petition"). Rather than face a second trial, the Petitioner pled guilty to the same criminal charges. *See id.* at pp. 1, 5. Mr. Mukes was sentenced on January 13, 1993. *See id.* at p. 1.

The Petitioner filed the present habeas petition no earlier than June 2, 2008.[1]

---

[1]    The petition is deemed "filed" when Mr. Mukes had given it to prison officials for mailing. *See Fleming v. Evans*, 481 F.3d 1249, 1255 n.2 (10th Cir. 2007). The Court may assume *arguendo* that Mr. Mukes had given the petition to authorities on the day that the document was signed. *See*

## Timeliness of the Habeas Petition

On its face, the petition shows that the action is time-barred.

### I. Expiration of the Limitations Period in the Absence of Tolling

Under the Antiterrorism and Effective Death Penalty Act of 1996, a petitioner has one year to file a federal habeas petition. Antiterrorism and Effective Death Penalty Act of 1996, 28 U.S.C. § 2244(d)(1) (2000). This period expired before Mr. Mukes initiated the present action.

#### A. Applicability of the Limitations Period

The threshold issue is whether the statute of limitations applies. The Court should answer in the affirmative.

According to Mr. Mukes, the state court lacked jurisdiction because of the unfairness of the guilty plea. Petition, Attachment 1 at pp. 1-2. Based on this allegation, the Petitioner claims that the "one (1) year bar of 28 U.S.C. § 2244-d-1 does not apply." *See id.* The Western District of Oklahoma has rejected a virtually identical argument, holding that claims involving loss of state court jurisdiction do not trigger special treatment for purposes of the limitations period. *Shannon v. Liles*, Case No. CIV-02-1134-F, slip op. at 3 n.5 (W.D. Okla. Dec. 26, 2002) (unpublished report and recommendation by magistrate judge), *adopted* (W.D. Okla. Jan. 13, 2003) (unpublished order by district judge); *accord Walker v. Calbone*,

---

*United States v. Gray*, 182 F.3d 762, 766 (10th Cir. 1999) ("Because the only evidence of the date appellant gave his motion to prison authorities for mailing is his certificate of service, which contains a declaration in compliance with 28 U.S.C. § 1746, that he did so on April 21, appellant's motion was timely."). That date was June 2, 2008. *See* Petition at p. 14.

2007 WL 845926 (N.D. Okla. Mar. 19, 2007) (unpublished op.);[2] *cf. Fields v. Ward*, 165 Fed. Appx. 644, 646-47 (10th Cir. Feb. 2, 2006) (unpublished op.) (stating in habeas proceedings that the state court's alleged lack of jurisdiction would not be relevant for purposes of equitable tolling of the limitations period).

B.   Beginning of the Limitations Period

The resulting issue is when the one-year period began. The Court should conclude that the period began when the conviction became final. *See* Antiterrorism and Effective Death Penalty Act of 1996, 28 U.S.C. § 2244(d)(1)(A) (2000).

Under Clause "(d)(1)(D)," the limitations period begins when the factual predicate of the habeas claim became discoverable with due diligence. *See* Antiterrorism and Effective Death Penalty Act of 1996, 28 U.S.C. § 2244(d)(1)(D) (2000). But this clause is inapplicable.

Mr. Mukes says that the "grounds" were not reasonably known to him until December 2007. Petition, Attachment 1 at p. 8. But the Petitioner acknowledges that he had pled guilty in 1993 and that he did so because he believed he could obtain a more severe sentence at trial.

---

[2]   In *Walker v. Calbone*, the petitioner argued that the state district court had lost subject-matter jurisdiction based on a defective information. *See Walker v. Calbone*, 2007 WL 845926, Westlaw op. at 3 (N.D. Okla. Mar. 19, 2007) (unpublished op.). In advancing this argument, the petitioner reasoned that the issue of subject matter jurisdiction could not be waived or forfeited. *See id.* The court rejected the argument, reasoning that "[n]either 28 U.S.C. § 2244(d) nor federal case law ma[de] such an exception for jurisdictional issues arising under state law." *Id.*

3

Mr. Mukes might not have understood until December 2007 that he could not have obtained a more severe sentence at trial. But this alleged fact would not have affected the start of the limitations period.[3]

When Mr. Mukes' conviction became final, the statute of limitations had not yet come into existence. *See Garcia v. Shanks*, 351 F.3d 468, 471 (10th Cir. 2003). Thus, the one-year period of limitations did not begin until the effective date of the Antiterrorism and Effective Death Penalty Act of 1996: April 24, 1996. *See Gibson v. Klinger*, 232 F.3d 799, 803 (10th Cir. 2000).

Without statutory or equitable tolling, the limitations period would have expired on April 24, 1997. *See United States v. Hurst*, 322 F.3d 1256, 1261 (10th Cir. 2003). The Petitioner did not initiate the present action until June 2, 2008, at the earliest. *See supra* p. 1 & note 1.

II.     Statutory Tolling

Under certain circumstances, federal law authorizes tolling of the limitations period. These circumstances are not present here.

---

[3]     *See, e.g.*, *Irons v. Estep*, 2006 WL 991106, Westlaw op. at 2 (10th Cir. Apr. 17, 2006) (unpublished op.) (rejecting the petitioner's argument that the statute of limitations did not begin to run until he discovered his legal arguments because he had always understood the factual predicate surrounding his guilty plea); *see also Bramlett v. Jones*, 2007 WL 2230962, Westlaw op. at 3 & note 10 (W.D. Okla. July 31, 2007) (unpublished op.) (noting that the limitations period under Section 2244(d)(1)(D) begins to run when the factual predicate is discovered rather than when the legal significance is understood), *appeal dismissed*, 262 Fed. Appx. 909 (10th Cir. Feb. 1, 2008) (unpublished op.).

4

The relevant statute provides: "The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." Antiterrorism and Effective Death Penalty Act of 1996, 28 U.S.C. § 2244(d)(2) (2000).

Mr. Mukes waited until August 10, 1999, to seek post-conviction relief. *See* Petition at p. 3. By then, the limitations period for the claims would have expired in the absence of equitable tolling. *See supra* pp. 2-4; *infra* pp. 5-9. Accordingly, the limitations period was not tolled under 28 U.S.C. § 2244(d)(2) by the filing of the post-conviction application.[4]

III.   Equitable Tolling

Equitable tolling is unjustified.

The limitations period may be subject to equitable tolling "in rare and exceptional circumstances,"[5] as long as the petitioner acted with diligence in the pursuit of his federal habeas claims.[6]

Mr. Mukes seeks to avoid a time-bar based on allegations involving:

- lack of an attorney for withdrawal of his guilty plea,
- lack of professional legal assistance within the prison,

---

[4]   *See Fisher v. Gibson*, 262 F.3d 1135, 1142-43 (10th Cir. 2001) ("Fisher's petitions cannot be tolled for time spent in state post-conviction proceedings because his applications for post-conviction relief were not filed until after [his limitations period had already expired].").

[5]   *York v. Galetka*, 314 F.3d 522, 527 (10th Cir. 2003).

[6]   *See Gibson v. Klinger*, 232 F.3d 799, 808 (10th Cir. 2000).

5

- • incompetence of the prison law clerks,

- • illiteracy,

- • presence of diminished mental capacity,

- • ignorance of the law, and

- • actual innocence.

Petition, Attachment 1 at pp. 9-15. These arguments are insufficient for equitable tolling.

A. Lack of an Attorney, Lack of Professional Legal Assistance, and Incompetence of Prison Law Clerks

According to Mr. Mukes, a lack of legal support hampered his pursuit of the claims. *See supra* pp. 5-6. The Court should reject these excuses.

In part, the Petitioner claims that the state district court did not appoint an attorney to appeal the guilty plea. Petition, Attachment 1 at p. 3; *see supra* pp. 5-6. But Mr. Mukes pled guilty and obtained his sentence by January 13, 1993. *See supra* p. 1. Even if the Court were to credit the allegation, it would not explain Mr. Mukes' delay of six years to file his first application for post-conviction relief. Consequently, the Petitioner is not entitled to equitable tolling for an alleged lack of an attorney in 1993. *See, e.g., Young v. Saffle*, 24 Fed. Appx. 843, 844 (10th Cir. Oct. 11, 2001) (unpublished op.).[7]

---

[7]     In *Young*, the petitioner had pled guilty in 1995, and the limitations period began to run upon enactment of the Antiterrorism and Effective Death Penalty Act of 1996. *See Young v. Saffle*, 24 Fed. Appx. 843, 844 (10th Cir. Oct. 11, 2001) (unpublished op.). The petitioner did not file his first application for post-conviction relief until July 1997. *See id.* Urging equitable tolling, the petitioner claimed that he was unaware of his right to appeal the guilty plea. *See id.* The Tenth Circuit Court of Appeals rejected the excuse because it did not explain the "lengthy gap" between the petitioner's conviction and the filing of his first application for post-conviction relief. *Id.*

6

Mr. Mukes also complains that the Oklahoma prison system does not provide "professional legal assistance" and that his two prison law clerks were incompetent. Petition, Attachment 1 at p. 4; *see supra* pp. 5-6. But as a matter of law, the Court cannot equitably toll the statute of limitations based on a lack of effective legal assistance in post-conviction proceedings.[8]

B.    Illiteracy, Ignorance of the Law, and Diminished Mental Capacity

Mr. Mukes also seeks equitable tolling on grounds that he cannot effectively read or write, did not understand the law, and has diminished mental capacity. Petition, Attachment 1 at pp. 2-4, 18. These allegations would not warrant equitable tolling.[9]

C.    Actual Innocence

Finally, Mr. Mukes seeks equitable tolling based on actual innocence. Petition, Attachment 1 at pp. 7-8; *see supra* pp. 5-6. This argument is invalid.

---

[8]    *See, e.g., Fleming v. Evans*, 481 F.3d 1249, 1255 (10th Cir. 2007) (concluding that equitable tolling could not be based on counsel's ineffectiveness in post-conviction proceedings, reasoning that there was no constitutional right to counsel at that stage); *see also Marsh v. Soares*, 223 F.3d 1217, 1220-21 (10th Cir. 2000) (stating that reliance on prison law clerks does not justify equitable tolling).

[9]    *See Yang v. Archuleta*, 525 F.3d 925, 929-30 & n.7 (10th Cir. 2008) (noting that in unpublished decisions, the Tenth Circuit Court of Appeals has "consistently and summarily" refused to consider a lack of proficiency in the English language as justification for equitable tolling); *Marsh v. Soares*, 223 F.3d 1217, 1220 (10th Cir. 2000) (equitable tolling is not justified by the prisoner's ignorance of the law); *Brown v. Dinwiddie*, 2008 WL 2222003, Westlaw op. at 2 (10th Cir. May 30, 2008) (unpublished op.) ("we have never recognized mental incapacity as a justification for equitable tolling").

"[A]ctual innocence may toll the AEDPA statute of limitations." *Laurson v. Leyba*,

507 F.3d 1230, 1232 (10th Cir. 2007) (citation omitted). For tolling, however, the Petitioner

must demonstrate "factual innocence"[10] rather than "legal innocence."[11]

The Petitioner was convicted of first degree murder and first degree manslaughter.

*See* Petition at p. 1. According to Mr. Mukes, he had killed in self-defense. *See* Petition,

Attachment 1 at pp. 7-8. However, when the Petitioner pled guilty, he acknowledged that

he had intentionally killed both victims during an argument. Transcript of Guilty Plea at

p. 10, *State v. Mukes*, Case No. CRF-85-4132 (Okla. Co. Dist. Ct. Jan. 13, 1993). The

following exchange took place in state court:

> THE COURT: Why don't you tell me what happened in the death of Viola Hilliard?
>
> [MR. MUKES]: We had an argument, fight, and I stabbed her and she died and - -
>
> THE COURT: You didn't intend that. That was - - you were angry and she was angry at the time?
>
> [MR. MUKES]: Yeah, we just fought and I stabbed her and killed her.
>
> THE COURT: Okay, and then - -
>
> [MR. MUKES]: Same incident, me and her son scuffled over a knife and killed him, you know.

---

[10]    *See Laurson v. Leyba*, 507 F.3d 1230, 1233 (10th Cir. 2007) ("Actual innocence means 'factual innocence.'" (citation omitted)).

[11]    *See Hickmon v. Mahaffey*, 28 Fed. Appx. 856, 858 n.1 (10th Cir. Nov. 29, 2001) (unpublished op.) ("legal innocence" does not justify equitable tolling of the limitations period in 28 U.S.C. § 2244(d)); *see also Bousley v. United States*, 523 U.S. 614, 623 (1998) ("It is important to note . . . that 'actual innocence' means factual innocence, not mere legal insufficiency.").

THE COURT: Okay. That was an intentional act?

[MR. MUKES]: Yes, sir.

THE COURT: You weren't angry at him or in the heat of passion with him?

[MR. MUKES]: No, sir, no.

*Id.* at p. 10. The Petitioner's admissions belie his assertion of innocence.[12]

As noted above, Mr. Mukes claims that he had acted in self-defense. *See supra* p. 8.

But self-defense involves "legal innocence" rather than "factual innocence."[13] Thus, the

allegation of self-defense would not support equitable tolling.

D.    Summary

Mr. Mukes is not entitled to statutory or equitable tolling. As a result, the limitations

periods expired on all of the claims by April 24, 1997, and the filing of the habeas petition

over eleven years later was untimely.

---

[12]    *See Ellis v. Mullin*, 56 Fed. Appx. 858, 865 (10th Cir. Jan. 3, 2003) (unpublished op.) (rejecting a habeas petitioner's allegation of actual innocence, in part because "at his plea hearing he stated under oath that he committed the acts alleged in the information, which he stated he had gone over with his attorney"); *Loving v. Mahaffey*, 27 Fed. Appx. 925, 926 (10th Cir. Dec. 10, 2001) (unpublished op.) (rejecting the petitioner's claim for equitable tolling based on actual innocence, "especially in light of his plea of guilty in open court").

[13]    *See Beavers v. Saffle*, 216 F.3d 918, 923 (10th Cir. 2000); *see also Ellis v. Hargett*, 302 F.3d 1182, 1186 n.1 (10th Cir. 2002) (stating that an argument of justification based on self-defense involves legal innocence rather than factual innocence); *accord Short v. Jones*, 246 Fed. Appx. 586, 591 (10th Cir. Aug. 31, 2007) (unpublished op.) ("a self defense claim invokes the defendant's legal-not factual innocence"); *see also Brown v. Gibson*, 7 Fed. Appx. 894, 906 (10th Cir. Apr. 12, 2001) (unpublished op.) (stating that a claim of self-defense involves "legal, not factual, innocence" (citation omitted)).

9

## Timeliness of the Motion for Relief from Order

Invoking Federal Rule of Civil Procedure 60(b)(6), Mr. Mukes alternatively seeks modification of the conditional award of habeas relief. Petition, Attachment 1 at pp. 1, 22-31. According to the Petitioner, this Court had ordered the State of Oklahoma to correct the constitutional errors in the first trial and could not have intended for the State to "subject the Petitioner to fundamental unfairness." *Id.*, Attachment 1 at p. 22. Thus, the Petitioner believes the Court should modify the prior order through issuance of an unconditional writ of habeas corpus. *Id.* The Court should reject the Petitioner's claim for two reasons.

First, "[n]either Rule 60(b), 28 U.S.C. § 2254, nor the two read together, permit a federal habeas court to maintain a continuing supervision over a retrial conducted pursuant to a conditional writ granted by the habeas court." *Pitchess v. Davis*, 421 U.S. 482, 490 (1975) (*per curiam*).

Second, even if modification of the conditional writ were otherwise appropriate, Mr. Mukes' motion would be untimely.

Under Rule 60, Mr. Mukes had to file the motion within a reasonable time period. *See* Fed. R. Civ. P. 60(c) ("A motion under Rule 60(b) must be made within a reasonable time . . . ."). Mr. Mukes obtained conditional habeas relief in 1992,[14] roughly sixteen years

---

[14]     *See* Order at pp. 1-11, *Mukes v. Reynolds*, Case No. CIV-92-605-W (W.D. Okla. Sept. 23, 1992) (West, J.).

10

ago. This delay was unreasonable.[15] Even if the Court could modify that order in the present action, the Petitioner's motion would have been untimely.

### Summary of Recommendations and Notice of the Right to Object

The habeas petition is untimely, and the motion for modification of the conditional writ is too late and beyond the Court's power under Section 2254 and Rule 60(b)(6). Accordingly, the Court should deny the habeas petition and the alternative motion for relief from the judgment.

Mr. Mukes may seek review by filing an objection with the Clerk of this Court. *See* 28 U.S.C. § 636(b)(1) (2000). The deadline for objections is July 17, 2008. *See* W.D. Okla. LCvR 72.1. The failure to timely object would foreclose appellate review of the suggested rulings. *See Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991); *see also Marshall v. Chater*, 75 F.3d 1421, 1426 (10th Cir. 1996) ("Issues raised for the first time in objections to the magistrate judge's recommendation are deemed waived.").

### Status of the Referral

The referral to the undersigned is terminated.

Entered this 27th day of June, 2008.

Robert E. Bacharach
United States Magistrate Judge

---

[15]     *See In re Clemmons*, 2008 WL 2083144, Westlaw op. at 2 (10th Cir. May 19, 2008) (unpublished op.) (stating that for purposes of Rule 60(b), "[a] delay of fifteen years is not reasonable"); *Cone v. Dutton*, 240 Fed. Appx. 268, 271 (10th Cir. July 3, 2007) (unpublished op.) (stating that for purposes of Rule 60(b)(6), "[a] delay of sixteen years is not reasonable").