IN THE UNITED STATES DISTRICT COURT FOR

THE WESTERN DISTRICT OF OKLAHOMA

FILED

AUG 5 2008

ROBERT D. DENNIS, CLERK
U.S. DIST. COURT, WESTERN DIST. OF OKLA.
BY _____ DEPUTY

| | |
|---|---|
| LARRY EUGENE MUKES, | ) |
| Petitioner, | ) ) ) |
| vs. | ) ) No. CIV-08-560-W |
| WARDEN, JOE HARP CORR. CENTER, | ) ) ) ) |
| Respondent. | ) ) |

## ORDER

On June 27, 2008, United States Magistrate Judge Robert E. Bacharach issued a Report and Recommendation in this matter and recommended that the Court deny the Petition for Writ of Habeas Corpus ("Petition") filed by petitioner Larry Eugene Mukes pursuant to title 28, section 2254 of the United States. Magistrate Judge Bacharach also recommended that the Court deny Mukes' alternate "Rule 60-b-6- Motion." Mukes was advised of his right to object to the Report and Recommendation, and the matter now comes before the Court on Mukes' Objections.

Mukes was convicted in the District Court of Oklahoma County, Oklahoma, of one count of murder in the first degree, for which Mukes was sentenced to life imprisonment, and one count of manslaughter in the first degree, for which he was sentenced to a term of imprisonment of ninety-nine (99) years.

Mukes filed a Petition for Writ of Habeas Corpus likewise pursuant to section 2254, and this Court on September 23, 1992, after finding that the state court trial judge had committed error in refusing to give Mukes' requested jury instruction on the burden of proof for self-defense, ordered that the jury's verdicts be set aside. The Court directed the State

of Oklahoma ("State") to release Mukes from custody unless within a designated time period, the State had elected to retry him.

On January 13, 1993, Mukes pled guilty to both the charge of murder in the first degree and the charge of manslaughter in the first degree. He was sentenced to life imprisonment on the former charge and to a concurrent term of twenty-five (25) years on the latter charge.

The instant Petition is file-stamped May 28, 2008, but indicates that it was executed and placed in the prison mailing system on June 2, 2008. Despite this discrepancy, the Court upon de novo review of the record concurs with Magistrate Judge Bacharach's suggested disposition of this matter and finds the Petition is time-barred.

Mukes' Petition is subject to the one-year statute of limitations established by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA" or "Act"), 28 U.S.C. § 2244(d)(1). Because Mukes' conviction was final before the AEDPA's enactment, pursuant to extant case law, the one-year period did not begin to run until the AEDPA's effective date, April 24, 1996. Thus, Mukes like other petitioners whose convictions had become final before the effective date of the AEDPA, had until April 24, 1997, to file his federal habeas petition. E.g., Garcia v. Shanks, 351 F.3d 468, 471 (10th Cir. 2003)(citations omitted). Accordingly, Mukes' Petition filed in 2008 is time-barred unless Mukes can establish that this limitations period has been tolled.

In reviewing Mukes' submissions, the Court finds that Mukes not only has failed to demonstrate that he is entitled to statutory tolling, e.g., 28 U.S.C. § 2244(d)(2)(time during which properly filed application for post-conviction or other collateral review pending not counted), but also has failed to present any "'extraordinary circumstances,'" Clark v.

Oklahoma, 468 F.3d 711, 714 (10th Cir. 2005)(citation omitted), that would justify equitable tolling in this instance. The Court further finds that neither the arguments nor the authorities cited in Mukes' alternate motion seeking relief under Rule 60(b)(6), F.R.Civ.P., provide a basis that would excuse or justify Mukes' untimeliness in filing the instant action or warrant both vacatur of the Court's Order of September 23, 1992, and the issuance of an new unconditional writ. In any event, the Court finds that such motion is untimely. E.g., Rule 60(c), F.R.Civ.P. (motion filed under Rule 60(b) must be made within reasonable time).

Accordingly, the Court

(1) ADOPTS the Report and Recommendation issued on June 27, 2008;

(2) DISMISSES Mukes' Petition as time-barred; and

(3) DENIES Mukes' alternate "Rule 60-b-6- Motion."[1]

ENTERED this 5th day of August, 2008.

LEE R. WEST
UNITED STATES DISTRICT JUDGE

---

[1] The motion is identified on the docket as "#2 Attachment B-Statement" to the Petition [Doc. 1].

3